RECEIVED
IN LAKE CHARLES, LA.

NOV -6 2014

TONY R. MOORE, CLERK
BY_____
              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MICHAEL LASAGE, | * | CIVIL ACTION NO. 2:12-cv-876 |
| Plaintiff, | * | |
| v. | * | JUDGE MINALDI |
| SHERIFF RICHARD EDWARDS, JR., ET. AL, | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is the Motion for Summary Judgment [Doc. 24], filed by Sheriff Richard Edwards, Junior, and Warden Derrick Haught ("defendants"), to which Michael LaSage ("Lasage") has filed an Opposition [Doc. 26]. For the following reasons, the defendants' Motion [Doc. 24] is hereby **GRANTED, IN PART,** and **STAYED, IN PART**.

## FACTS & PROCEDURAL HISTORY

The complaint alleges that Michael LaSage, the original plaintiff, was taken into custody by the Jefferson Davis Parish Sheriff's Department from April 18, 2011 through April 22, 2011, for an alleged violation of a restraining order.[1] However, while the complaint alleges that LaSage was incarcerated from April 18th through April 22nd, jail records show that LaSage was actually incarcerated from April 4th through April 8th.[2]

LaSage's sister notified the warden and other prison officials that LaSage had a serious medical condition requiring daily medication.[3] She delivered LaSage's medications to the Sheriff's Department and then called multiple times to ensure that LaSage received his

---

[1] Compl. [Doc. 1] ¶¶ 6-7.
[2] Defs.' Ex. A Jefferson Davis Parish Jail Release Sheet [Doc. 24-3]; Defs.' Ex. B Aff. of Dustin Locke [Doc. 24-4].
[3] *Id.* ¶¶ 9-10.

1

medication.[4]  However, LaSage was not given any medication during his time in jail.[5]  LaSage suffered a heart attack on April 30, 2011, because of the failure of prison officials to give him his medication.[6]  On January 12, 2013, LaSage died, and it is alleged that LaSage's death was caused by his heart attack in 2011.[7]

LaSage filed suit on April 12, 2012.[8]  Over one year after LaSage's death, the Succession of Michael Glenn LaSage was substituted for Michale LaSage in this matter.[9]  On September 18, 2014, the defendants filed the instant Motion for Summary Judgment [Doc. 24].  The defendants argue that prescription has run on the plaintiff's claims.[10]

## LAW & ANALYSIS

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A dispute is said to be "genuine" only where "a reasonably jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n.1 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (additional citation omitted)). "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to a party's case, and on which that party will bear the burden of proof at trial."

---

[4] *Id.*
[5] *Id.* ¶ 10.
[6] *Id.* ¶ 11.
[7] First Am. and Supplemental Compl. [Doc. 18] ¶ 21; Mem. in Opp'n to Defs.' Mot. for Summ. J. [Doc. 26], at 2.
[8] *See* Compl. [Doc. 1].
[9] First Am. and Supplemental Compl. [Doc. 18] ¶ 26.
[10] Mem. in Supp. of Mot. for Summ. J. [Doc. 24-1], at 1-4.

*Webber v. Christus Schumpert Health Sys.*, No 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)). "The non-movant cannot preclude summary judgment by raising 'some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of the evidence.'" *Cormier v. W&T Offshore, Inc.*, No. 10-1089, 2013 U.S. Dist. LEXIS 53416, at *18-19 (W.D. La. Apr. 12, 2013) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Survival actions and wrongful death actions are distinct causes of action. *See Watkins v. Exxon Mobil Corp.*, 145 So.3d 237, 241 (La. 2014); and *Guidry v. Theriot,* 377 So.2d 319, 322 (La. 1979). A survival action is created at the time of the offense and is dependent on the victim having a viable cause of action on the date of death. *Id.*; *Taylor v. Giddens,* 618 So.2d 834, 840 (La. 1993). A wrongful death action compensates beneficiaries from the moment of death and thereafter. *Guidry,* 377 So.2d at 322.

In an action brought under Section 1983, Louisiana's one-year statute of limitations for tort actions applies. *Watts v. Graves,* 720 F.2d 1416, 1423 (5th Cir. 1983). However, "the question of when the action accrues is a matter of federal, not state, law." *Longoria v. City of Bay, Tex.,* 779 F.2d 1136, 1138 (5th Cir. 1986) (citing *Moore v. El Paso County, Tex.,* 660 F.2d 586, 590 n. 4 (5th Cir. 1981); and *Lavaelle v. Listi,* 611 F.2d 1129, 1130 (5th Cir. 1980)). An action accrues under federal law when the "aggrieved party has either knowledge of the violation or notice of the facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Lavergne v. Acadia Parish Sheriff's Office,* No. 6:13-2140, 2014 WL 906278 *3 (W.D.La. Mar. 7, 2014) (quoting *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995) (internal quotations omitted)). Knowledge sufficient to commence the running of prescription is

comprised of two facts: (1) the existence of an injury, and (2) the connection between the injury and the defendant's actions. *Piotrowski,* 51 F.3d at 516 (citing *Stewart v. Parish of Jefferson,* 951 F.2d 681, 684 (5th Cir. 1992)).

Prescription began to run on LaSage's claim from each date that his prescription medication was denied—not the date of the heart attack. *See Brown v. Cain,* 546 Fed.Appx. 471, 474 (5th Cir. 2013). The defendants have presented evidence that LaSage was incarcerated in 2011 from April 4th to April 8th.[11] For his suit to be timely, LaSage needed to file his complaint on or before April 8th, 2012.

Although the plaintiff "believes that Michael LaSage was incarcerated during the time of April 18, 2011 through April 22, 2011,"[12] this is an unsubstantiated assertion. The plaintiff is unable to say where LaSage was incarcerated for the time claimed.[13] LaSage did not file suit until April 12, 2012.[14] The cause of action under Section 1983 prescribed before LaSage's death, and as such, there was no cause of action for his beneficiary to inherit.

In opposition to the defendants' motion for summary judgment, the plaintiff seems to be arguing in support of a wrongful death claim in addition to the survival claim.[15] A wrongful death action prescribes one year from the death of the decedent. *Guidry,* 377 So.2d at 327. Additionally, a substituted party is not the proper individual to bring a wrongful death action; such an action must be brought as an original plaintiff suing on the cause of action that arose upon the victim's death. *Id.* at 327-28. However, Federal Rule of Civil Procedure 15(c) allows a party to amend a pleading "despite an applicable statute of limitations in situations where the

---

[11] Defs.' Ex. A Jefferson Davis Parish Jail Release Sheet [Doc. 24-3]; Defs.' Ex. B Aff. of Dustin Locke [Doc. 24-4].
[12] Statement of Contested Facts in Opp. to the Defs.' Mot. for Summ. J. [Doc. 26-1].
[13] *Id.*
[14] *See* Compl. [Doc. 1].
[15] Mem. in Opp'n to Defs.' Mot. for Summ. J. [Doc. 26], at 2-4.

parties to the litigation have been sufficiently put on notice of facts and claims which may give rise to future, related claims." *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994). The court will decline ruling on the wrongful death claim until both parties have had the opportunity to brief this issue. Accordingly,

**IT IS ORDERED** that the defendants' Motion for Summary Judgment [Doc. 24] on the plaintiff's Section 1983 claim be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants' Motion for Summary Judgment [Doc. 24] on the wrongful death claim be and hereby is **STAYED** for a period of twenty-one (21) days from the date of the filing of this Memorandum Ruling into the record, during which time the defendants are hereby granted leave to submit additional briefing, not to exceed ten (10) pages in length, addressing the plaintiff's wrongful death claim, should they so choose. The plaintiff will thereafter have fourteen (14) days from the filing of said additional briefing to file a response, addressing only the wrongful death claim, not to exceed ten (10) pages.

Lake Charles, Louisiana, this 5 day of November, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE