RECEIVED
IN LAKE CHARLES, LA.
JAN 20 2015
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MICHAEL LASAGE, | * | CIVIL ACTION NO. 2:12-cv-876 |
| Plaintiff, | * | |
| v. | * | JUDGE MINALDI |
| SHERIFF RICHARD EDWARDS, JR., ET. AL, | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the Motion for Summary Judgment [Doc. 24], filed by Sheriff Richard Edwards, Junior, and Warden Derrick Haught ("defendants"), to which Michael LaSage ("LaSage") has filed an Opposition [Doc. 26]. Per the court's previous Memorandum Ruling [Doc. 27], the parties have filed Supplemental Memoranda [Docs. 29 & 30] on the issue of the plaintiff's wrongful death claim. For the following reasons, the defendants' Motion [Doc. 24] is hereby **GRANTED**.

## FACTS & PROCEDURAL HISTORY

The complaint alleges that Michael LaSage, the original plaintiff, was taken into custody by the Jefferson Davis Parish Sheriff's Department from April 18, 2011 through April 22, 2011, for an alleged violation of a restraining order.[1] However, while the complaint alleges that LaSage was incarcerated from April 18th through April 22nd, jail records show that LaSage was actually incarcerated from April 4th through April 8th.[2]

---

[1] Compl. [Doc. 1] ¶¶ 6-7.
[2] Defs.' Ex. A Jefferson Davis Parish Jail Release Sheet [Doc. 24-3]; Defs.' Ex. B Aff. of Dustin Locke [Doc. 24-4].

1

LaSage's sister notified the warden and other prison officials that LaSage had a serious medical condition requiring daily medication.[3] She delivered LaSage's medications to the Sheriff's Department and then called multiple times to ensure that LaSage received his medication.[4] However, LaSage was not given any medication during his time in jail.[5] LaSage suffered a heart attack on April 30, 2011, because of the failure of prison officials to give him his medication.[6] On January 12, 2013, LaSage died, and it is alleged that LaSage's death was caused by his heart attack in 2011.[7]

LaSage filed suit on April 12, 2012.[8] Over one year after LaSage's death, the Succession of Michael Glenn LaSage was substituted for Michale LaSage in this matter.[9] On September 18, 2014, the defendants filed the instant Motion for Summary Judgment [Doc. 24]. The defendants argue that prescription has run on the plaintiff's claims.[10]

## LAW & ANALYSIS

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A dispute is said to be "genuine" only where "a reasonably jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n.1 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)

---

[3] *Id.* ¶¶ 9-10.
[4] *Id.*
[5] *Id.* ¶ 10.
[6] *Id.* ¶ 11.
[7] First Am. and Supplemental Compl. [Doc. 18] ¶ 21; Mem. in Opp'n to Defs.' Mot. for Summ. J. [Doc. 26], at 2.
[8] *See* Compl. [Doc. 1].
[9] First Am. and Supplemental Compl. [Doc. 18] ¶ 26.
[10] Mem. in Supp. of Mot. for Summ. J. [Doc. 24-1], at 1-4.

(additional citation omitted)). "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to a party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.*, No 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)). "The non-movant cannot preclude summary judgment by raising 'some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of the evidence.'" *Cormier v. W&T Offshore, Inc.*, No. 10-1089, 2013 U.S. Dist. LEXIS 53416, at *18-19 (W.D. La. Apr. 12, 2013) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

A substituted party is not the proper individual to bring a wrongful death action; such an action must be brought as an original plaintiff suing on the cause of action that arose upon the victim's death. *Guidry v. Theriot*, 377 So.2d 319, 327-28 (La. 1979). Because the Succession of Michael LaSage is not the proper party to bring a wrongful death action, to the extent that this claim is properly raised by the plaintiff's opposition to the defendants' motion for summary judgment, the claim must be dismissed.

Even if the Succession of Michael LaSage were a proper party to bring the wrongful death claim, the claim must still be dismissed because it has prescribed. A wrongful death action prescribes one year after the death of the decedent. *Id.* at 327. Because wrongful death and survival actions are distinct, a timely survival action does not interrupt prescription as to the wrongful death claim.[11] *Louviere v. Shell Oil Co.*, 440 So.2d 93, 96 (La. 1983) (citing *Guidry*, 377 So.2d 319).

---

[11] However, the undersigned notes that this court has previously held that the survival action in this case was not timely. *See* Memo. Ruling [Doc. 27], at 3-4.

3

The case cited by the plaintiff is not persuasive on this issue. In *Giroir v. South Louisiana Medical Center*, the Louisiana Supreme Court addressed whether a petition that was amended to add additional plaintiffs over a year after a wrongful death action accrued related back to the filing date of the original petition for purposes of prescription. *Giroir v. South Louisiana Med. Ctr.*, 475 So.2d 1040, 1041-42 (La. 1985). In that case, the original petition contained a cause of action for wrongful death. *Id.* Therefore, because the only action taken was adding parties to the original petition, Louisiana Code of Civil Procedure Article 1153 applied, and the additional plaintiffs' claims were held to relate back to the date of the original petition. *Id.* at 1043-45.

The circumstances in this case are more similar to those addressed by the Louisiana Supreme Court in *Stenson v. City of Oberlin*, 60 So.3d 1205 (La. 2011). In *Stenson*, the court reasoned that "Article 1153 allows a plaintiff to amend *his* petition to add a plaintiff, claim, or defendant, but no code article allows a party or potential party to amend another party's pleading to do so." *Stenson*, 60 So.3d at 1214 (emphasis in original). A demand in which an additional party wishes to assert a new claim based on similar facts is an incidental demand and governed by Louisiana Code of Civil Procedure Article 1067. *Id.* at 1214. Article 1067 provides that "An incidental demand is not barred by prescription or preemption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand . . . ." LA. CODE CIV. PROC. art. 1067.

An incidental demand was never filed in this case. Prescription ran on the wrongful death claim on January 12, 2014. The Succession of Michael LaSage was not substituted until over a year after the death of Michael LaSage. Even construing this substitution as providing sufficient notice to the defendants that a wrongful death claim was going to be pursued—which

the court does not believe to be true—this "demand" was filed over a year after LaSage's death. As such, any wrongful death claim had prescribed by that date. Accordingly,

**IT IS ORDERED** that the defendants' Motion for Summary Judgment [Doc. 24] on the issue of wrongful death be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter be and hereby is **DISMISSED, WITH PREJUDICE,** each party to bear its own costs.

Lake Charles, Louisiana, this 15 day of Jan , 2015

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE